## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

NOVARTIS PHARMACEUTICALS :
CORPORATION, et al. :
:
: **Civil Action No. 06-4125(FSH)**
**Plaintiff,** :
v. :
:
ROXANNE LABORATORIES, INC. :
:
**Defendant.** :
_____:

NOVARTIS PHARMACEUTICALS :
CORPORATION, et al. : **Civil Action No. 06-4178(FSH)**
:
**Plaintiff** :
:
v. :
:
TARO PHARMACEUTICALS, et al. :
:
**Defendant** :
_____:

NOVARTIS PHARMACEUTICALS :
CORPORATION, et al. : **Civil Action No. 06-4199(FSH)**
:
**Plaintiff** :
:
v. :
:
BRECKENRIDGE :
PHARMACEUTICAL, INC. :
:
**Defendant** :
_____:

_____ :
                                  :
**NOVARTIS PHARMACEUTICALS**      :
**CORPORATION, et al.**           :      **Civil Action No. 06-4200(FSH)**
                                  :
     **Plaintiff**     :
                                  :
    **v.**            :
                                  :
**TEVA PHARMACEUTICALS USA, INC.** :
                                  :
    **Defendant**     :
_____ :
                                  :
**NOVARTIS PHARMACEUTICALS**      :
**CORPORATION, et al.**           :      **Civil Action No. 06-4550(FSH)**
                                  :
    **Plaintiff**     :
                                  :
    **v.**            :
                                  :
**DR. REDDY'S LABORATORIES, INC.,** :
 **et al.**                   :
                                  :
    **Defendant**     :
_____ :

## <u>DISCOVERY CONFIDENTIALITY ORDER</u>

WHEREAS, discovery in this action may involve the disclosure of certain documents, things and information in the possession, custody or control of a party or a non party that constitute trade secrets or other confidential research, development, manufacture, regulatory, financial, marketing or other competitive information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure; and

WHEREAS, good cause exists for entry of this Order, <u>see</u> Fed. R. Civ. P. 26 (c); <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772, 786 (3d Cir. 1994); and

WHEREAS, all parties in their business practices have gone to great lengths to safeguard and protect the confidentiality of the documents and information and the disclosure of which would pose a substantial risk of irreparable harm to the producing party's legitimate proprietary interests, <u>see</u> Declaration of Willliam O'Shaughnessy in Support of Request for Discovery Confidentiality Order on behalf of the Plaintiffs, dated February 6, 2007; <u>see also</u> Declaration of Andrea Kochensparger in Support of Request for Discovery Confidentiality Order on Behalf of Roxane, dated February 1, 2007; Declaration of Deborah A. Jaskot on behalf of Teva, dated February 6, 2007; Declaration of Michael Davits in Support of Request for Discovery Confidentiality Order on behalf of Taro, dated February 8, 2007; Declaration of Eugene L. Kim in Support of Request for Discovery Confidentiality Order on behalf of Breckenridge, dated February 2, 2007; and Declaration of Lee Banks in Support of Request for Discovery Confidentiality Order on behalf of Dr. Reddy's, dated February 13, 2007; and

WHEREAS, this Discovery Confidentiality Order provides reasonable restrictions on the disclosure of such sensitive materials of a confidential nature; and

WHEREAS, all parties agree to the terms of this Discovery Confidentiality Order to protect their confidential documents and information and the Court has resolved disputes concerning situations in which clients may have access to information covered by this Order; and

WHEREAS, to streamline the discover process and minimize the need for Court intervention, this Discovery Confidentiality Order adopts an approach that allows the producing party to designate certain materials being produced or deposition testimony as confidential. Disclosure of materials designated as "Confidential" or Highly Confidential – Outside Counsel Only Information" is limited to specific classes of persons; and

WHEREAS, this Discovery Confidentiality Order also provides that the party requesting production of the information may challenge the producing party's confidentiality designation before the Court, thereby minimizing the likelihood that non sensitive document will be unnecessarily designated as confidential; and

WHEREAS, this Order allocates to the producing party the burden of justifying the confidentiality designation and orders of this type have been approved by the United States Court of Appeals of the Third Circuit.  See Pansy, 23 F.3d at 787 n.17; Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1122 (3d Cir. 1986);

THEREFORE, in view of the foregoing and because the parties hereto, by and through their respective counsel, have stipulated to the entry of a Discovery Confidentiality Order pursuant to Fed. R. Civ. P. 26 (c), and the Court having reviewed the aforementioned declarations of the parties in support of the entry of this Order, and the Court having determined good cause exists for entry of this Order,

IT IS HEREBY ON THIS 21st DAY OF FEBRUARY, 2007 STIPULATED AND ORDERED THAT:

1.  This Discovery Confidentiality Order applies to any document, or portion thereof, any type of information, including electronically stored information, and any form of discovery contemplated under Rules 26 through 36 of th Federal Rules of Civil Procedure which, in the good-faith opinion of the party providing such material (the "producing party") contains any trade secret or other confidential research, development, financial, or commercial information or analysis of the producing party, or a third party if such material is within the possession, custody or control of the producing party.

2.  This Discovery Confidentiality Order creates two categories of confidentiality.  The two categories shall be distinguished by the use of different designations.  Documents and other information in the higher category may be, and hereinafter are, referred to as "Highly Confidential – Outside Counsel Only Information."  Documents and things in this higher category shall be visibly marked with the designation "Highly Confidential – Outside Counsel Only Information."   Documents and other information in the lower category may be, and hereinafter are, referred to as "Confidential Information."  Documents and things in this lower category shall be visibly marked with the designation "Confidential."  The term "Protected Information" shall be refer to "Highly Confidential – Outside Counsel Only Information" and "Confidential Information."  The category "Highly Confidential – Outside Counsel Only Information" shall be limited to highly sensitive or highly sensitive or highly proprietary technical and business information (including information concerning research and development, strategic plans, financial and marketing information) concerning a party's current products, processes and/or business relationships or potential future products, processes and/or business relationships.  Other confidential trade secret or business information not concerning current or future potential product, processes or business relationships may be designed "Confidential Information."

3.  The following provision governing th disclosure of "Highly Confidential – Outside Counsel Only Information" applies not only to the disclosure of information to plaintiffs by individuals defendants, and by plaintiffs to individual defendants, but also the disclosure of one defendant's information to any other defendant by plaintiffs or by any other defendant.  Thus, all parties' Highly Confidential – Outside Counsel Only Information may be disclosed to all other

5

parties' outside counsel as provide in subsection (b) of this paragraph, to in-house legal or corporate representatives as provided in subsection (c) of the paragraph[1] and others as provided in subsections (a) and (c) - (g) of this paragraph, but may not be disclosed by any party to any other person without the express consent of the producing party.  Highly Confidential – Outside Counsel Only Information and any analysis or report containing such Information may be made available only to, and inspected only by, the following:

(a) The Court and personnel employed by the Court and court reporters and stenographers and videographers;

(b) Outside counsel of record for the parties in this action but limited to those attorneys and staff whose duties and responsibilities in connection with this action require access to such Protected Information, and who do not engage in or have direct responsibility for prosecuting patent applications related to oxacarbazepine;

(c) Designated in-house legal and/or corporate representatives for the designated party who have responsibility for maintaining, defending or evaluating this litigation but who do not

---

[1]The goal of this Order is to ensure information is exchanged without causing competitive injury.  This can be avoided by restricting disclosure of the information and barring those whose job involved competitive decision-making from having access to same.  Thus, the Court has barred such persons from having access to Highly Confidential Information.  In addition to further protect the concerns of the producing party, the Court has required that Highly Confidential information be maintained in the offices of outside counsel.  Finally, to address the concern of certain defendants who claim that their in-house counsel is also involved in competitive decision-making, the Court will allow such parties to designate one client-representative who is not in involved in competitive decision-making or the prosecution of patents applications related to oxacarbazepine to be privy to such information.   This way all parties will have access to a client representative with whom it can discuss Highly Confidential Information without fear of competitive injury.  Finally, the Court is prohibiting those involved in patent applications related to oxacarbazepine from being privy to Highly Confidential Information to ensure that such information is not inadvertently used to further such applications.

have competitive decision-making responsibility or responsibility for prosecuting patent application relating to oxacarbazepine, and members of their staff reasonably necessary for the receipt and maintenance of any received Protected Information.  The parties shall exchange lists of such persons and certifications that such persons do not play a role in competitive decision making and are not responsible for prosecuting patent applications related to Oxacarbazepine.  The parties will cooperate to allow reasonable substitution of other individuals employed in the legal departments of their respective employers.

> (1)     In-house legal representatives designated pursuant to this paragraph may receive at their offices Protected Information that is contained in any brief, motion or document to the Court, filed or to be filed in court (including drafts thereof), that discloses the substance or content of Confidential Information in any such brief, motion or other written submission.   All such materials containing Confidential Information sent to in-house legal representatives shall be maintained in a secure location under lock and key (or the like); and

> (2)     In-house legal representatives designated pursuant to this paragraph may only have access to Highly Confidential Information in the offices of their outside counsel of record.  No exhibits, attachments, produced documents or the like containing Highly Confidential Information may be provided to in-house legal or corporate representative at their offices.

> (d)  Experts and their staffs who are employed to furnish expert or technical services or to give expert testimony with regard to this action.  Any such expert cannot be a current employee or consultant of any party.  As a condition precedent to disclosure of Protected Information to any such expert, the expert must:  acknowledge receipt and understanding of this Discovery Confidentiality Order; agree to be bound thereby;  disclose the general nature and

7

content of all employment and contractual relationships, projects performed for, or other affiliation with, any party or affiliate of a party during the past 10 years and anticipated in the future; and, agree to use the Protected Information solely for this litigation, not to disclose any Protected Information to any other person, firm or concern in violation of this Discovery Confidentiality Order, and never to use any Protected Information, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so.

Each such expert shall execute a declaration acknowledging the foregoing, in the form annexed hereto.  Counsel who retained the expert shall forward a copy of the executed declaration (along with a curriculum vitae or resume and disclosure of party relationships) to counsel for the producing party at least ten business days prior to the proposed disclosure of Protected Information to such expert.  If the producing party objects to the proposed disclosure within ten business days after receipt of the notice of it, the disclosure may not be made without prior approval by the Court.  The burden shall be on the objecting party to show the Court why the disclosure should not be made;

(e)  Employees of litigation services retained by the parties to prepare document databases, trial exhibits and the like in this litigation;

(f)  Clerical and paralegal personnel employed by outside counsel of record to assist in the prosecution or defense of this litigation;

(g)  Outside document copying services, and/or document coding or computerization services.

(h)  Any person to the extent required by the Court.

4.     The following provision governs the disclosure of "Confidential Information,"

8

except that it is specifically provided that neither plaintiffs, nor any other defendant, shall

disclose any defendants' Confidential Information to any other defendants' designated in-house

counsel or corporate representative except with the express permission of the producing party.

Otherwise, Confidential Information and any analysis or report containing Confidential

Information may be disclosed to (1) the persons entitled to receive Highly Confidential -- Outside

Counsel Only Information and (2)  designated in-house counsel or corporate representative who

have responsibility for maintaining, defending or evaluating this litigation (but who do not have

either competitive decision-making responsibility or responsibility for prosecuting patent

applications related to oxacarbazepine).  The parties shall exchange lists of such persons and

certifications that such persons do not play a role in competitive decision making and are not

responsible for prosecuting patent applications related to oxacarbazepine.  The parties will

cooperate to allow reasonable substitution of other individuals employed in the legal departments

of their respective employers.

In-house legal representatives designated pursuant to this paragraph 4 may receive at their

offices Confidential Information that is contained or reflected in, or attached to, any document

filed or to be filed in court (including drafts thereof); such Confidential Information must be

maintained at the offices of such designated legal representatives in a manner comparable to the

way in which the employer of such representatives maintains its own comparable confidential

information;

5.    The Parties may make use of Protected Information produced or  obtained through

discovery for any purpose in this litigation consistent with the provisions of this Discovery

Confidentiality Order.  The Parties (in particular the persons permitted to receive Protected

Information pursuant to paragraphs 3 and 4 herein) may not use Protected Information for any purpose other than this litigation.

6.      Nothing in this Discovery Confidentiality Order shall bar or otherwise restrict any attorney from rendering advice to a party-client in this action and in the course thereof, relying upon such attorney's examination of Highly Confidential -- Outside Counsel Only Information or Confidential Information; provided, however, that in rendering such advice and otherwise in communicating with such client, the attorney shall not disclose any Highly Confidential -- Outside Counsel Only Information or Confidential Information to unauthorized persons.

7.      In the event that counsel for a party believes it necessary to disclose any Highly Confidential -- Outside Counsel Only Information or Confidential Information to any person not specified above as qualified to receive it, said counsel shall notify counsel for the producing party in writing of:  (a) the specific information, documents and/or testimony proposed to be disclosed and (b) the person(s) to whom such disclosure is proposed to be made.  If an agreement cannot be reached, the party desiring to disclose Protected Information shall make an appropriate application following the joint letter protocol set forth in the Pretrial Scheduling Order and shall bear the burden of showing that the proposed disclosure is necessary.  In the event of such application, this Court shall rule as to whether the proposed disclosure may be made and whether any restrictions or limitations should be placed on such disclosure.

8.      Protected Information may be designated as subject to this Discovery Confidentiality Order as follows:

(a)      With respect to documents or copies provided by one party to the other, by marking the initial page and the page or pages on which any Highly Confidential -- Outside

10

Counsel Only Information or any Confidential Information appears with the appropriate legend, *i.e.*, "Highly Confidential -- Outside Counsel Only Information" or "Confidential" or "Confidential -- Under Discovery Confidentiality Order."

        (b)     With respect to documents made available for inspection by a party (as distinguished from documents or document copies provided by one party to the other as contemplated by paragraph 6(a) above), in lieu of marking the original or original copy of a document which contains Protected Information prior to inspection, any such documents made available for inspection shall be regarded as Highly Confidential -- Outside Counsel Only Information, thereby making them subject to this Discovery Confidentiality Order, and inspection of documents or things by either party shall be conducted only by persons eligible to review such information under this Discovery Confidentiality Order. Copies of such documents thereafter provided shall be marked with the appropriate legend by the producing party at the time copies of the documents selected by the reviewing party are provided to the reviewing party. Production of documents and things for the purpose of inspection and copying shall not constitute a waiver in whole or in part of any confidentiality.

        (c)     Testimony or information disclosed at a deposition may be designated by a producing party as Protected Information by indicating on the record at the deposition the specific testimony which contains Protected Information that is to be made subject to the provisions of this Discovery Confidentiality Order, together with the category of confidentiality. Alternatively, a producing party may designate portions of testimony or information disclosed at a deposition as Protected Information by notifying all parties, in writing, within fifteen (15) calendar days of receipt of the transcript of the deposition, of the specific pages and lines of the

11

transcript that are to be designated Highly Confidential -- Outside Counsel Only Information or

Confidential Information.  Each party shall attach a copy of such written statement to the face of

the transcript and each copy thereof in its possession, custody or control.  Whether or not

designation is made at the time of a deposition, all depositions shall be treated as Highly

Confidential -- Outside Counsel Only Information from the taking of the deposition until fifteen

(15) calendar days after receipt of the transcript, or until receipt of the notice referred to in this

subparagraph, whichever occurs sooner.  Notwithstanding the foregoing, any employee, agent,

advisor, representative or person affiliated with a party who is not qualified to receive Highly

Confidential -- Outside Counsel Only Information or Confidential Information may attend a

deposition at which Protected Information may be disclosed.  In such event, the producing party

must designate the specific testimony or information containing Protected Information together

with the category of confidentiality by indicating on the record at the deposition that such

information is subject to the provisions of this Order.  The producing party shall have the right to

exclude any person not qualified to receive the Protected Information from the deposition only

during the period Protected Information is disclosed or discussed.

      9.      In the case of responses to interrogatories, other discovery requests or responses,

information contained therein may be designated as Protected Information by prominently

marking such paper "Highly Confidential -- Outside Counsel Only Information" or "Confidential

-- Under Discovery Confidentiality Order."

      10.      Tangible objects, including media containing electronically stored information,

may be designated as Protected Information by affixing to the object or its container a label or tag

indicating the category of confidentiality.  Any samples of materials produced by any party shall

12

be considered and treated as Highly Confidential -- Outside Counsel Only Information, if such samples are produced without the above label or tag.

11.     Any request to seal information submitted in connection with a request for nondiscovery relief shall be made via a motion to seal in accordance with Local Civil Rule 5.3. Designation as Protocol Information under the terms of the Discovery Confidentiality Order alone will not be sufficient to seal information.  If the parties intend to file such a motion to seal, then they shall contact the Chambers of the Undersigned for further instructions about the format for such a motion.

12.     Protected Information may be used in the course of the trial of this action.  Any motion to seal such information used at trial shall be made in accordance with Local Civ. R. 5.3.

13.     A witness at a deposition or trial may be shown any document that contains or reveals Protected Information provided the document was authored by or received by the witness, or provided that the producing party consents to such disclosure, or provided that the document was of a type that the witness likely would have received in the ordinary course of his or her employment.  In addition, a witness may be shown any document that contains or reveals Protected Information if the witness is an officer, director, or employee of the producing party or held such a position during the time frame of the document.

14.     A document that contains or reveals Protected Information may be shown to any person indicated in such document to be its originator or author or the recipient of a copy.

15.     Protected Information obtained from a producing party during discovery in this action may be used and disclosed only for purposes of this action.  No party or person shall make any other use of any such Protected Information, including but not limited to use for commercial

or competitive purposes or use in any other proceeding, except as permitted by order of the Court or otherwise agreed upon by the parties.

16.     Nothing herein shall be construed (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party.  Should a dispute arise as to any specific information or materials, the burden shall be on the party claiming that such information or materials is or was publicly known or was lawfully obtained other than through discovery of the producing party.

17.     Nothing herein is intended to, or should be construed to, preclude a party from disclosing or using in any manner or for any purpose, any information or documents from that Party's own files which that party itself has designated Highly Confidential -- Outside Counsel Only Information or Confidential.

18.     Nothing herein shall be construed as an agreement or admission:  (a) that any information, document or the like designated as Protected Information is in fact confidential or a trade secret; or (b) with respect to the competency, relevance, materiality, admissibility, privilege, or immunity of any such information, document or the like.

19.     A party shall not be obligated to challenge the propriety of a designation as Highly Confidential -- Outside Counsel Only Information or Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that any party disagrees at any point in these proceedings with the designation made by the producing

14

party, the parties shall make a good-faith effort to resolve the dispute on an informal basis.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court using the joint letter protocol set forth in the Pretrial Scheduling Order, and the producing party shall have the burden of proving that its designation was appropriate.

20.     The inadvertent or unintentional failure by a producing party to designate specific documents or materials as containing Protected Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials.  Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

21.     The terms of this Discovery Confidentiality Order shall be applicable to any nonparty who produces information in connection with this action which is designated by such nonparty or a party hereto as Highly Confidential -- Outside Counsel Only Information or Confidential Information.  Any party seeking discovery of a nonparty shall provide to the nonparty with its discovery request(s) a copy of this Discovery Confidentiality Order.

22.     Nothing herein shall prevent disclosure beyond the terms of this Order if the producing party consents in writing to such disclosure, or if the Court orders such disclosure.

23.     The inadvertent or unintentional production of documents subject to the attorney-client privilege or work product protection shall not constitute a waiver of such privilege or protection, provided that the producing party shall notify the receiving party in writing of such inadvertent production promptly after the producing party discovers such inadvertent production. After notification is made, the receiving party shall immediately return to the producing party all copies of such inadvertently produced documents and shall immediately confirm in writing that

15

all electronic copies have been deleted or destroyed.  Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product doctrine designation by promptly filing an appropriate application using the joint letter protocol set forth in the Pretrial Scheduling Order with the Court, but the receiving party shall not challenge the propriety of the attorney-client privilege or work product doctrine designation on the grounds that the privilege or immunity was waived by inadvertent production of the document.  If no such challenge is brought, or if any such challenge is unsuccessful, no use shall be made of such documents during deposition or at trial or otherwise.  Furthermore, if no such challenge is brought, or if any such challenge is unsuccessful, the receiving party shall promptly confirm in writing that any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information have been deleted or destroyed.

24.     Within sixty (60) calendar days after the conclusion of this action, all documents, objects, and other materials produced or designated as Highly Confidential -- Outside Counsel Only Information or Confidential Information, including extracts and summaries thereof, and all reproductions thereof, shall be returned to the producing party or shall be destroyed, at the option of the producing party, except that any such materials that contain attorney work product may be destroyed rather than returned.  If the materials are destroyed, counsel responsible for the destruction shall within seven (7) calendar days of such destruction certify to counsel for the producing party that destruction has taken place.  Insofar as the provisions of this Discovery Confidentiality Order restrict the communication and use of information produced thereunder, such Order shall continue to be binding after the conclusion of this litigation except that there shall be no restriction on documents that are used as exhibits in Court.  Notwithstanding the

16

preceding sentences of this paragraph, outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with exhibits marked at the deposition, trial transcripts, trial exhibits, one copy of each piece of correspondence, and documents constituting attorney work product which were internally generated based upon or which include Protected Information.

25.     This Discovery Confidentiality Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the agreement of the parties, nor the designation of any information, document, or the like as Protected Information, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

26.     If a party receives a subpoena or order to produce of any Protected Information in connection with litigation between private parties,  the receiving party shall promptly notify the producing party of the pendency of such subpoena or order unless otherwise precluded from doing so by law or court order.  Nothing herein shall preclude timely compliance with a subpoena from a governmental entity or order to produce in connection with the proceeding by a governmental entity or precludes notification of such a subpoena or order unless such disclosure is precluded by law.

27.     This Order shall survive the final termination of this action with respect to any Protected Information.

17

28.     This Order is without prejudice to the right of any party to seek modification of this Discovery Confidentiality Order upon good cause shown.  This Discovery Confidentiality Order may also be modified or amended by written agreement of the parties and approval of the Court.


S/Patty Shwartz
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORP.,<br>NOVARTIS CORP., and<br>NOVARTIS AG,<br><br>        Plaintiffs,<br><br>    v.<br><br>ROXANE LABORATORIES, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>) Civil Action No: 2:06-cv-04125 (FSH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| NOVARTIS PHARMACEUTICALS CORP.,<br>NOVARTIS CORP., and<br>NOVARTIS AG,<br><br>        Plaintiffs,<br><br>    v.<br><br>TARO PHARMACEUTICALS, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>) Civil Action No: 2:06-cv-04178 (FSH)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| NOVARTIS PHARMACEUTICALS CORP.,<br>NOVARTIS CORP., and<br>NOVARTIS AG,<br><br>        Plaintiffs,<br><br>    v.<br><br>BRECKENRIDGE PHARMACEUTICAL, INC.<br><br>        Defendant. | )<br>)<br>)<br>)<br>) Civil Action No: 2:06-cv-04199 (FSH)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORP., | ) |
| NOVARTIS CORP., and | ) |
| NOVARTIS AG, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No: 2:06-cv-04200 (FSH) |
| | ) |
| v. | ) |
| | ) |
| TEVA PHARMACEUTICALS, INC. | ) |
| | ) |
| Defendant. | ) |
| | ) |

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORP., | ) |
| NOVARTIS CORP., and | ) |
| NOVARTIS AG, | ) |
| | ) |
| Plaintiffs, | ) Civil Action No: 2:06-cv-04550 (FSH) |
| | ) |
| v. | ) |
| | ) |
| DR. REDDY'S LABORATORIES, INC. and | ) |
| DR. REDDY'S LABORATORIES, LTD. | ) |
| | ) |
| Defendant. | ) |
| | ) |

I, _____, declare under penalty of perjury that:

(a)     My present residential address is _____

(b)     My present employer is _____
and the address of my present employer is _____

©)     My present occupation or job description is _____

(d)     Attached is a current and correct copy of my curriculum vitae or resume, and a current and correct list and description of all my employment and contractual relationships, projects performed for, or other affiliation with, any party or affiliate of a party during the past ten years and anticipated in the future.

1

(e)      I have received and carefully read the Discovery Confidentiality Order in the above-captioned case, and understand its provisions.  I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose to anyone the contents of anything marked Highly Confidential -- Outside Counsel Only Information or Highly Confidential -- Attorneys Eyes Only or Confidential, except as permitted by paragraph 3 of the Discovery Confidentiality Order for Highly Confidential -- Outside Counsel Only Information and as permitted by paragraph 4 of the Discovery Confidentiality Order for Confidential Information.  I will use the Protected Information solely for purposes relating to the above-captioned litigation.  I will never use the Protected Information, directly or indirectly, in competition with the disclosing party nor will I permit others to do so.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Discovery Confidentiality Order.

(f)      At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, and any other materials containing or reflecting Protected Information which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(g)      I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Discovery Confidentiality Order, and I further understand that if I violate the provisions of this Discovery Confidentiality Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

_____
Signature                                              Date

NY_MAIN 617070v1

2