# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| NOVARTIS PHARMACEUTICALS | : | |
| CORPORATION, et al. | : | |
| | : | **Civil Action No. 06-4125(FSH)** |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| ROXANNE LABORATORIES, INC. | : | |
| | : | |
| Defendant. | : | |

_____

|  |  |  |
|---|---|---|
| NOVARTIS PHARMACEUTICALS | : | |
| CORPORATION, et al. | : | **Civil Action No. 06-4178(FSH)** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| TARO PHARMACEUTICALS, et al. | : | |
| | : | |
| Defendant | : | |

_____

|  |  |  |
|---|---|---|
| NOVARTIS PHARMACEUTICALS | : | |
| CORPORATION, et al. | : | **Civil Action No. 06-4199(FSH)** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| BRECKENRIDGE | : | |
| PHARMACEUTICAL, INC. | : | |
| | : | |
| Defendant | : | |

_____

1

|  | : |  |
| --- | --- | --- |
| **NOVARTIS PHARMACEUTICALS** | : | |
| **CORPORATION, et al.** | : | **Civil Action No. 06-4200(FSH)** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **TEVA PHARMACEUTICALS USA, INC.** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

## ORDER ON INFORMAL APPLICATION

This matter having come before the Court by way of letters dated May 1, 2007, May 8, 2007, and May 11, 2007, regarding the defendants' request to bifurcate discovery on advice of counsel, which the defendants assert is relevant only to the "exceptional case" claim, until after an adjudication on liability;

and the Court having considered the submissions and the record of proceedings;

and the Court having set May 2, 2007 as the deadline by which a party shall notify the Court and other parties if it intends to assert a reliance on counsel defense, Order dated January 5, 2007;

and, by way of letter dated May 1, 2007, the defendants, rather than having notified the plaintiff and the Court if they intend to even assert a reliance on counsel defense, having raised the so called "Quantum Dilemma" and argued that "a failure to bifurcate the discrete issue of reliance on the advice of counsel, which is relevant only to a determination of 'exception case,' will severely prejudice [them]" because they would be forced to "choose either to waive privilege to demonstrate that they had a good faith basis for challenging the patent (and thereby disclosing

2

to Novartis at least some of their litigation strategy), or, in the alternative, to maintain privilege and, in the event the Defendants do not prevail, be forced to defend against Plaintiffs' exceptional case claim without being able to assert reliance on counsel," Letter of Mark Olinsky, dated May 1, 2007, at 3;

and, in recognizing what has become known as the "Quantum Dilemma," the United States Court of Appeals for the Federal Circuit having stated that

> [a]n accused infringer, . . . should not, without the trial court's careful consideration, be forced to choose between waiving the privilege in order to protect itself from a willfulness finding, in which case it may risk prejudicing itself on the question of liability, and maintaining the privilege, in which case it may risk being found to be a willful infringer if liability is found.
>
> Trial courts thus should give serious consideration to a separate trial on willfulness whenever the particular attorney-client communications, once inspected by the court in camera, reveal that the defendant is indeed confronted with this dilemma,

Quantum Corp. v. Tandon Corp., 940 F.2d 642, 643-44 (Fed. Cir. 1991);

and although the Quantum Court did not address whether or not the district court's decision not to bifurcate discovery was proper, it did recommend that district court conduct an in camera review of the attorney-client communications at issue before ruling, id. at 644;

and many courts in this district having followed this recommendation and concluded that an in camera review is necessary before ruling upon whether or not to bifurcate based upon the "Quantum Dilemma;" Princeton Biochemicals, Inc. v. Beckman Instruments, Inc., 180 F.R.D. 254, 260 (D.N.J. 1997); Neorx Corp. v. Immunomedics, Inc., No. CIV.A. 92-2853, 1993 WL 592531, at *2 (D.N.J. May 26, 1993); Glaxo Group Ltd. v. Dr. Reddy's Laboratories, Ltd., 01-4066 (JLL) (D.N.J. March 10, 2003), slip. op. at 3, 7;

and the Princeton Court having specifically stated that a court determining whether to bifurcate because of the "Quantum Dilemma" must

> make an *in camera* review of the written opinion in question in order to determine whether disclosure would, in fact, prejudice the alleged infringing party on the issue of liability.  If such prejudice did exist, then the court could order that the issue of willfulness be severed for discovery and/or trial. . . .if the Court did identify potential prejudice, a bifurcation motion could still be denied based upon other considerations such as unnecessary expense and delay, duplication of evidence, and prejudice to another party,

Princeton, 180 F.R.D. at 260(citations omitted); see also B. Braun Med. Inc. v. Abbott Labs., No. CIV.A.93-3883, 1994 WL 422287, at *2 (E.D. Pa. July 6, 1994) (ordering defendants asserting Quantum-dilemma issue to produce the allegedly privileged material as well as a "schedule of the privileged documents, identifying the dilemma posed by each");

and Neorx Court having held that bifurcation is only appropriate where, after having conducted an in camera review, the court is convinced that the Quantum dilemma is a legitimate concern, Neorx, 1993 WL 592531 at *2 (stating "once a defendant asserts that he is faced with the dilemma identified in *Quantum*, a trial court should inspect the defendant's attorney-client documents *in camera* to ascertain that the dilemma is legitimate.  If the dilemma is real, *Quantum* suggests that bifurcation of the willfulness issue is an appropriate way to proceed");

and in Neorx, the district court having vacated the Magistrate Judge's Opinion and Order because the Magistrate Judge did not conduct an in camera review before ruling, id.;

and the Neorx Court having specifically directed that

> [o]n remand, the Magistrate may review defendant's documents and give consideration to whether the issue of willfulness should be severed.  If the Magistrate decides that early discovery of defendant's documents would unfairly prejudice defendant on the liability issue, the Magistrate could order the issue of willfulness to

4

be severed.[1]  Defendant would then have the opportunity after a
liability determination was reached to decide whether to assert the
reliance-upon-the-advice-of-counsel defense.  Conversely, if the
Magistrate determines that a defendant would not be unfairly
prejudiced by early discovery of its attorney-client
communications, the court would be justified in refusing to sever
the issue of willfulness and ordering a unified trial.  At this point,
defendant would be required to make an election regarding his
defenses.  If defendant chose to assert the advice-of-counsel
defense, plaintiff would be entitled to timely discovery of the
attorney-client communications.  Otherwise, the attorney-client
privilege would be preserved,

id.;

---

[1]The Court's citation to Neorx should not be construed as embracing a request to sever
the willfulness issues.  In fact, some courts have allowed discovery to proceed on all issues but
phased trial so the privileged material would be introduced only if the issue of willfulness was
reached.  See Johns Hopkins Univ. v. Cellpro, 160 F.R.D. 30, 36 (D. Del. 1995) (finding any
prejudice to defendants in disclosing privileged information is outweighed by the delay that
would result in staying discovery and conducting two trials but minimizing any such prejudice by
ordering the issues of liability, damages, and willfulness be tried in sequence); Haney v.
Timesavers, Inc., No. CIV.A.92-270, 1992 WL 365336, at *1 (D. Or. Nov. 10, 1992) (one-week
hiatus between phases); Armstrong Mfg. Co. v. Wright Mach. Tool Co., Inc., No. CIV.A.91-
1021, 1992 WL 58733, at *1 (D. Or. March 20, 1992) (two-week hiatus between phases);
Laitram Corp. V. Hewlett-Packard Co., 791 F. Supp. 113, 118 (E.D. La. 1992) (no hiatus).  In
Neorx, the district court specifically noted that the Magistrate Judge could "order unified
discovery and a two-phased trial before the same jury, with infringement addressed in the first
phase and willfulness in the second phase.  A final possibility is [requiring] defendant to make a
choice regarding its defenses after reasonable discovery on the other aspects of the case."  Neorx,
1993 WL 592531, at *3, n.5 (citing Pittway Corp. v. Maple Chase Co., No. CIV.A.91-3582,
1992 WL 392584, at *6 (N.D. Ill. Dec. 15, 1992)).  Yet another option is to allow discovery to
proceed on all issues except that of the advice of counsel documents, leaving defendant to its
"Quantum choice" of whether to assert the advice-of-counsel privilege and waive the privilege
only upon disposition of dispositive motions, after which the court would order expedited
discovery.  See A.L. Hansen Mfg. Co. v. Bauer Prods., Inc., No. CIV.A.03-3642, 2004 WL
1125911, at *3 (N.D. Ill. May 18, 2004) (denying motion to bifurcate but staying discovery on
privileged materials); William Reber, LLC v. Samsung Electronics of Am., Inc., 220 F.R.D. 533,
541 (N.D. Ill. 2004) (allowing discovery on issues of liability and willfulness but ordering
discovery of defendant's attorney opinions barred "until it is clear that the issues of liability and
willful infringement will be tried and that any defendant will raise an advice-of-counsel defense.
The stay regarding discovery of such attorney opinions should be revisited after dispositive
motions, if any, on the issue of liability are decided.") .

5

and, while some courts in this district have declined to conduct an <u>in</u> <u>camera</u> review

before determining whether or not bifurcation is appropriate, the courts to have done so were

satisfied that the "<u>Quantum</u> Dilemma" was a legitimate concern in those cases based upon

affirmative statements by the party that such a concern actually existed <u>Smithkline Beecham,</u>

<u>PLC v. Teva Pharmaceuticals USA, Inc.</u>, 03-4037(FLW) (D.N.J. February 18, 2004) (Rosen,

M.J.), Order at 7 (citing <u>Smith Kline Beecham Corp. v. Teva Pharmaceuticals USA., Inc.</u>, 02-

3779 (JWB) (D.N.J. March 5, 2003) (Bissell, C.J.), slip. op., and stating "the court finds that an

*in camera* review is not necessary in this case.  The court is satisfied that the <u>Quantum</u> dilemma

is real and not a mere possibility: counsel for both [the defendants] represented to the court on

the record that such a dilemma in fact – and not in theory – exists.");

and the Court finding that, despite the authority in this district supporting the need for the

Court to conduct an <u>in</u> <u>camera</u> review and the plaintiffs' suggestion that such a review be

conducted, Letter of William O'Shaughnessy, dated May 8, 2007, at 4, not only have the

defendants failed to request that the Court conduct an <u>in</u> <u>camera</u> review or provide it with any

documents upon which such a review could be conduct, but the defendants have also failed to

even notify the Court or the plaintiffs of whether or not they intend to rely on advice of counsel

or assert that the <u>Quantum</u> dilemma actually exists;

and the Court therefore finding that the defendants have not established that the

"<u>Quantum</u> Dilemma" is a real concern or something more than a mere possibility in this case or

that discovery on the advice of counsel issue should be bifurcated because the defendants have

6

not advised whether or not they intend to rely on advice of counsel[2] and because they have not produced any documents from which the Court could determine whether or not early discovery of defendants' documents would unfairly prejudice them on the liability issue, see Knoll Pharms Co., Inc. v. TEVA Pharms. USA, Inc., No. CIV.A.01-1646, 2001 WL 1795592, at *2 (N.D. Ill. 2001) (denying Teva's motion to bifurcate issues of willfulness and damages from liability, finding "judicial economy will be promoted by one trial on all the relevant patent issues" and, in response to Teva's Quantum dilemma argument, finding it "failed to show that prejudice would be avoided by a separate trial of the willfulness and damages issues" because it produced no documents for in camera review);

and for good cause shown,

IT IS on this 14th day of May, 2007

ORDERED that the defendants' request to bifurcate discovery on advice of counsel with respect to the "exceptional case" claims until after an adjudication on liability is denied.

s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE

---

[2]Because the defendants have not so much as advised whether or not they even intend to assert a reliance on counsel defense in this case, the "Quantum Dilemma" is merely a theoretical problem in this case and it is therefore distinguishable from Smithkline Beecham, PLC v. Teva Pharmaceuticals USA, Inc., 03-4037(FLW), where bifurcation was permitted without conducting an in camera review.