UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, et al. | |
| Plaintiff, | Civil Action No. 06-4125(FSH) |
| v. | |
| ROXANNE LABORATORIES, INC. | |
| Defendant. | |
| NOVARTIS PHARMACEUTICALS CORPORATION, et al. | |
| Plaintiff | Civil Action No. 06-4178(FSH) |
| v. | |
| TARO PHARMACEUTICALS, et al. | |
| Defendant | |
| NOVARTIS PHARMACEUTICALS CORPORATION, et al. | |
| Plaintiff | Civil Action No. 06-4199(FSH) |
| v. | |
| BRECKENRIDGE PHARMACEUTICAL, INC. | |
| Defendant | |

|  | : |  |
| --- | --- | --- |
| **NOVARTIS PHARMACEUTICALS** | : |  |
| **CORPORATION, et al.** | : | **Civil Action No. 06-4200(FSH)** |
|  | : |  |
| **Plaintiff** | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| **TEVA PHARMACEUTICALS USA, INC.** | : |  |
|  | : |  |
| **Defendant** | : |  |
|  | : |  |

## ORDER ON INFORMAL APPLICATION

This matter having come before the Court by way of letters dated August 17, 2007, regarding that plaintiff's demand that defendant Roxane produce at least 500 grams of its proposed product;

and the Court having considered the submissions;

and the Court finding that the plaintiff made the request without following the joint submission protocol for raising discovery disputes and hence it is procedurally defective;

and the Court further finding that, based upon the representations of defendant Roxane, the request could not be granted even if it had been presented via the joint letter protocol;

and defendant Roxane representing that the total amount of the product it possesses is 230 grams and hence it does not have 500 grams to provide;

and the Court noting that it cannot compel a party to produce that which it does not possess;

and defendant Roxane having offered to provide more than half of the sample to the plaintiff and seeking to reserve some portion for any testing its responsive expert may need to conduct;

and the Court finding that this is a reasonable approach to enable the plaintiff to run its test, particularly in light of Dr. Patel's statement that 25 to 100 grams "is the standard amount to be used in one sieving experiment such as those" that his company will perform on the product's active ingredient, Declaration of Dr. Nikin Patel, dated August 16, 2007, at ¶ 5;

and it appearing that the additional amounts would be used for pre-testing and confirmation testing, id. at ¶ 6;

and it further appearing that the limited ability to conduct optimal pre-testing and confirmation testing can be presented to the fact-finder to evaluate the weight it should give to the evidence;

and it further appearing that any inability to conduct all of the tests can be noted as a basis for arguing about the persuasive value of any test that the defendant may seek to offer;

and the Court further noting that issues of infringement will be determined, in part, based upon the description of the product as embodied in the ANDA and its comparison with the claims in the patent at issue and thus a test that may be conducted under less than optimal conditions will not unduly prejudice the plaintiff;

and for good cause shown,

IT IS THEREFORE ON THIS 20th day of August, 2007

ORDERED that the request to compel defendant Roxane to produce at least 500 grams of its product is denied.  Defendant Roxane shall produce 150 grams of its product to the plaintiff for testing/examination.

s/Patty Shwartz
UNITED STATES MAGISTRATE JUDGE